Hearing Date and Time May 25, 2021 at 10:00 a.m.: (Eastern Time)
Objection Date and Time May 18, 2021 at 4:00 p.m.: (Eastern Time)

Perry R. Clark (California Bar No. 197101)
*Pro Hac Vice*
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road, Suite 201
Palo Alto, CA  94303
Telephone: (650) 248-5817
Email: perry@perryclarklaw.com

*Counsel for Defendant Winiadaewoo Electronics America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :  Chapter 11
SEARS HOLDING CORPORATION, *et al.,*                           :  Case No. 18-23538 (RDD)
                                                               :  (Jointly Administered)
                                 Debtor. [1]                   :
---------------------------------------------------------------x
KMART HOLDINGS CORPORATION AND                                 :
SEARS, ROEBUCK AND CO.,                                        :
                                                               :
                                 Plaintiffs,                   :
                                                               :
             -against-                                         :  Adversary No. 20-06982 (RDD)
                                                               :
WINIADAEWOO ELECTRONICS AMERICA,                               :
INC., DBA DONGBU DAEWOO                                        :
ELECTRONICS AMERICA INC.,                                      :
                                                               :
                                 Defendant.                    :
---------------------------------------------------------------x

# NOTICE OF MOTION TO COMPEL
# DOCUMENT PRODUCTION AND INTERROGATORY RESPONSES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Fl., New York, NY 10019.

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**") of Defendant Winiadaewoo Electronics America, Inc. ("**Winiadaewoo**") for entry of an order compelling Plaintiffs Kmart Holdings Corporation and Sears, Roebuck and Co. ("**Debtors**") to produce the documents listed on their privilege log or, in the alternative, to preclude Debtors from offering any evidence on the issue of "due diligence" under 11 U.S.C. 547 ("**Section 547**"), as more fully set forth in the Motion, will be held before the Honorable Robert D. Drain, United States Bankruptcy Court Judge, pursuant to the Court's rules and orders at the United States Bankruptcy Court for the Southern District of New York, Courtroom 118, 300 Quarropas Street, White Plains, New York, 10601-4140 ("**Bankruptcy Court**"), on May 25, 2021, 2021, at 10:00 a.m. (Eastern Time) (the "**Hearing**").

**PLEASE TAKE FURTHER NOTICE** that objections and responses ("**Objections**"), if any, to the Motion must be asserted in writing; conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York; set forth the name of the objecting party, the basis for the Objection, and the specific grounds thereof; be filed with the Bankruptcy Court in accordance with the terms set forth in the Motion; and be served in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures, entered on November 1, 2018 (Docket No. 405), so as to be so filed and received no later than May 18, 2021, 2021, at 4:00 p.m. (Eastern Time) (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if an Objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

1

Dated:  May 3, 2021
        Palo Alto, California

        /s/ *Perry R. Clark*
        Perry R. Clark
        Email: perry@perryclarklaw.com
        Law Offices of Perry R. Clark
        825 San Antonio Road, Suite 201
        Palo Alto, CA 94303
        Tel.: 650-248-5817

*Attorney for Defendant*
Winiadaewoo Electronics America, Inc.

Hearing Date and Time May 25, 2021 at 10:00 a.m.: (Eastern Time)
Objection Date and Time May 18, 2021 at 4:00 p.m.: (Eastern Time)

Perry R. Clark (California Bar No. 197101)
*Pro Hac Vice*
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road, Suite 201
Palo Alto, CA  94303
Telephone: (650) 248-5817
Email: perry@perryclarklaw.com

*Counsel for Winiadaewoo Electronics America, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
| | |
|---|---|
| In re: | |
| | Chapter 11 |
| SEARS HOLDING CORPORATION, *et al.*, | Case No. 18-23538 (RDD) |
| | (Jointly Administered) |
| Debtor.[1] | |
---------------------------------------------------------------x
| | |
|---|---|
| KMART HOLDINGS CORPORATION AND SEARS, ROEBUCK AND CO., | |
| Plaintiffs, | |
| -against- | Adversary No. 20-06982 (RDD) |
| WINIADAEWOO ELECTRONICS AMERICA, INC., DBA DONGBU DAEWOO ELECTRONICS AMERICA INC., | |
| Defendant. | |
---------------------------------------------------------------x

# MOTION TO COMPEL
# DOCUMENT PRODUCTION AND INTERROGATORY RESPONSES

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Sears Holdings Corporation (0798); Kmart Holding Corporation (3116); Kmart Operations LLC (6546); Sears Operations LLC (4331); Sears, Roebuck and Co. (0680); ServiceLive Inc. (6774); SHC Licensed Business LLC (3718); A&E Factory Service, LLC (6695); A&E Home Delivery, LLC (0205); A&E Lawn & Garden, LLC (5028); A&E Signature Service, LLC (0204); FBA Holdings Inc. (6537); Innovel Solutions, Inc. (7180); Kmart Corporation (9500); MaxServ, Inc. (7626); Private Brands, Ltd. (4022); Sears Development Co. (6028); Sears Holdings Management Corporation (2148); Sears Home & Business Franchises, Inc. (6742); Sears Home Improvement Products, Inc. (8591); Sears Insurance Services, L.L.C. (7182); Sears Procurement Services, Inc. (2859); Sears Protection Company (1250); Sears Protection Company (PR) Inc. (4861); Sears Roebuck Acceptance Corp. (0535); SR – Rover de Puerto Rico, LLC (f/k/a Sears, Roebuck de Puerto Rico, Inc.) (3626); SYW Relay LLC (1870); Wally Labs LLC (None); SHC Promotions LLC (9626); Big Beaver of Florida Development, LLC (None); California Builder Appliances, Inc. (6327); Florida Builder Appliances, Inc. (9133); KBL Holding Inc. (1295); KLC, Inc. (0839); Kmart of Michigan, Inc. (1696); Kmart of Washington LLC (8898); Kmart Stores of Illinois LLC (8897); Kmart Stores of Texas LLC (8915); MyGofer LLC (5531); Rover Brands Business Unit, LLC (f/k/a Sears Brands Business Unit Corporation) (4658); Sears Holdings Publishing Company, LLC. (5554); Sears Protection Company (Florida), L.L.C. (4239); SHC Desert Springs, LLC (None); SOE, Inc. (9616); StarWest, LLC (5379); STI Merchandising, Inc. (0188); Troy Coolidge No. 13, LLC (None); BlueLight.com, Inc. (7034); Sears Brands, L.L.C. (4664); Sears Buying Services, Inc. (6533); Kmart.com LLC (9022); Sears Brands Management Corporation (5365); and SRe Holding Corporation (4816).  The location of the Debtors' corporate headquarters is 1700 Broadway, 19th Fl., New York, NY 10019.

**TABLE OF CONTENTS**

I. Preliminary Statement ........................................................................................................ 1

II. Affirmation and Informal Conference with the Court ............................................................ 1

III. Background ........................................................................................................................ 2

IV. Debtors Should Be Compelled to Produce Their "Due Diligence" Documents ..................... 4

    A. By Putting "Reasonable Due Diligence" At Issue, Debtors Waived Privilege and Work Product Protection ................................................................................................ 4

        1. Debtors Have Represented That All Evidence Related to the Reasonableness of Their Due Diligence is Privileged ............................................................................. 4

        2. Although They Did Not Need To, Debtors Voluntarily Chose to Rely on Their Litigation Counsel for the Alleged "Due Diligence" .................................................. 6

    B. Debtors' "Due Diligence" Is Not Shielded by Fed. R. Civ. P. 26(b)(3) ......................... 8

V. Alternatively, Debtors Should be Precluded from Offering Any Evidence That They Performed Reasonable Due Diligence .................................................................................. 8

VI. Conclusion ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Adam Friedman Assocs. LLC v. MediaG3, Inc.*, 2012 U.S. Dist. LEXIS 62591, *10, 2012 WL 1563942 (S.D.N.Y. 2012) .................................................................................................. 5

*Granite Partners, L.P. v. Bear, Stearns & Co.*, 184 F.R.D. 49, 55, 1999 U.S. Dist. LEXIS 388, *17 (S.D.N.Y. 1999) ............................................................................................................ 4

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1373 (Fed. Cir. 2007) .................................................. 6

*JJK Mineral Co. v. Swiger*, 292 F.R.D. 323, 336, 2013 U.S. Dist. LEXIS 24971, *40, 2013 WL 663283 (N.D.W.Va. 2013) ........................................................................................................ 6

*Old Republic Ins. Co. v. Ness*, 2006 U.S. Dist. LEXIS 100992, *35-36 (N.D. Ill. 2006) .............. 4

*Pereira v. United Jersey Bank*, 1997 U.S. Dist. LEXIS 19751, *19, 1997 WL 773716 (S.D.N.Y. 1997) ........................................................................................................................................ 5

*Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 238 F. Supp. 3d 314, 338, 2017 U.S. Dist. LEXIS 25946, *47 (N.D.N.Y. 2017) ........................................................................................ 4

**Statutes**

11 U.S.C. 547(b) .......................................................................................................................... 1

**Rules**

Fed. R. Civ. P 37(a)(1) ................................................................................................................. 1

Fed. R. Civ. P. 26(b)(3) ................................................................................................................ 4

Local Bankruptcy Rule 7007-1(a) ................................................................................................ 1

Local Bankruptcy Rule 7007-1(b) ................................................................................................ 1

Local Bankruptcy Rule 7033-1(e) ................................................................................................ 2

Local Bankruptcy Rule 7034-1(b) ................................................................................................ 3

ii

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Defendant Winiadaewoo Electronics America, Inc. ("**Winiadaewoo**") files this Motion to Compel Document Production and Interrogatory Responses ("**Motion to Compel**") and requests that the Court enter an order (i) compelling Plaintiffs Kmart Holdings Corporation and Sears, Roebuck and Co. ("**Debtors**") to produce the documents listed on their privilege log related to the issue of "reasonable due diligence" under 11 U.S.C. 547(b) ("**Section 547**") or, (ii) in the alternative, precluding Debtors from offering any evidence on the issue of "reasonable due diligence" " under Section 547(b), and (iii) granting Winiadaewoo such other and further relief, at law or in equity, to which it is entitled, and, in support of the Motion to Compel, respectfully represents as follows:

**I.     Preliminary Statement**

1.     There are two questions presented by this motion: (1) may Debtors use the attorney client privilege and the work product doctrine to hide all evidence related to the reasonableness of their alleged "due diligence" under Section 547(b) and (2) if so, should they be permitted to offer anything into evidence on the question of "due diligence," including whether any alleged diligence was "reasonable" under Section 547(b).  The answer to both questions should be no.

**II.    Affirmation and Informal Conference with the Court**

2.     Pursuant to Fed. R. Civ. P 37(a)(1) and Local Bankruptcy Rule 7007-1(a), the undersigned affirms that the undersigned counsel conferred with counsel for Debtors and was unable to resolve the issues raised by this motion.

3.     Pursuant to Local Bankruptcy Rule 7007-1(b), movant states that the issues raised herein were discussed in an informal conference with the Court and the dispute has not been resolved as a result of the conference.

**III.    Background**

4. On October 14, 2020, Debtors filed this adversary proceeding seeking to avoid nearly $23 million worth of allegedly "preferential" transfers under Section 547. (Doc. 1).

5. Section 547(b) provides that the trustee "may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property. . ."

6. In their complaint, Debtors allege that they "performed their own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant." (Doc. 1, ¶21).

7. In its answer, Winiadaewoo asserted Debtors' lack of due diligence as an affirmative defense. (Doc. 4, ¶64).

8. In discovery, Winiadaewoo requested documents and information about Debtors' alleged "due diligence evaluation." Debtors objected to the requests on the grounds of "the attorney-client privilege and/or work product doctrine." (Exs. 1 and 2[3], Debtors' Responses to Interrogatories 5 and 6 and Exs. 3 and 4, Debtors' Response to Document Request No. 3) (the "**Discovery Responses**").

9. Pursuant to Local Bankruptcy Rule 7033-1(e), Winiadaewoo specifies and quotes verbatim the interrogatory responses and objections at issue:

INTERROGATORY NO. 5

Identify each person with knowledge or information concerning the "due diligence evaluation" conducted by Plaintiff referenced in Paragraph 21 of Plaintiff's complaint.

RESPONSE TO INTERROGATORY NO. 5

Plaintiff objects to this Interrogatory because it seeks information protected by the attorney-client privilege and/or work product doctrine, and thus is not subject to

---

[3] All references to "Ex. __" are to the Declaration of Perry Clark in Support of Motion to Compel filed contemporaneously herewith.

discovery.

### INTERROGATORY NO. 6

Identify the existence, custodian, and location and provide a general description of each document concerning the "due diligence evaluation" conducted by Plaintiff referenced in Paragraph 21 of Plaintiff's complaint.

### RESPONSE TO INTERROGATORY NO. 6

Plaintiff objects to this Interrogatory because it seeks information protected by the attorney-client privilege and/or work product doctrine, and thus is not subject to discovery.

10. Pursuant to Local Bankruptcy Rule 7034-1(b), Winiadaewoo specifies and quotes verbatim the document request and objection at issue:

### REQUEST FOR PRODUCTION NO. 3

Documents concerning the "due diligence evaluation" conducted by Plaintiff referenced in Paragraph 21 of Plaintiff's complaint.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Plaintiff objects to this Request for Production because it seeks documents protected by the attorney-client privilege and/or work product doctrine, and thus is not subject to discovery.

11. Debtors produced a privilege which identifies 9 documents that Debtors contend represent the only evidence of their alleged "due diligence evaluation." (Ex. 5) (the "**Privilege Log**").

12. In a letter to the Court dated February 24, 2021, Debtors took the position that all documents related to Debtors' alleged "due diligence evaluation" are "*categorically* attorney work product under Rule 26(b)(3), so [Winiadaewoo's] request [for the documents] is abusive and improper." (Ex. 6 at 2) (emphasis original).

3

**IV.    Debtors Should Be Compelled to Produce Their "Due Diligence" Documents**

13.    The Debtors put the issue of "reasonable due diligence" at issue in this case and they cannot use privilege to hide evidence related to whether their alleged due diligence was "reasonable." And because the "due diligence" documents on Debtors' privilege log are the only evidence related to the reasonableness of their alleged "due diligence," the documents are not protected as work product or trial preparation materials under Fed. R. Civ. P. 26(b)(3).

**A.    By Putting "Reasonable Due Diligence" At Issue, Debtors Waived Privilege and Work Product Protection**

14.    Debtors put the issue of whether they performed "reasonable due diligence" at issue in this case and waived the attorney client privilege and work product protection related to the "reasonableness" of their due diligence.

**1.    Debtors Have Represented That All Evidence Related to the Reasonableness of Their Due Diligence is Privileged**

15.    Debtors have represented to the Court that all evidence related to the question of whether their due diligence was "reasonable" is "*categorically*" privileged. (Ex. 6) (emphasis original).

16.    "Where a litigant asserts a claim that in fairness requires examination of a privileged communication, courts have held the protections of the attorney-client privilege and the work product doctrine implicitly waived." *Granite Partners, L.P. v. Bear, Stearns & Co.*, 184 F.R.D. 49, 55, 1999 U.S. Dist. LEXIS 388, *17 (S.D.N.Y. 1999) (privilege and work product waived where a party claimed that otherwise privileged material showed that a liquidation was "commercially unreasonable").

17.    Here, Debtors have identified no evidence related to their alleged "reasonable due diligence" other than the documents on their privilege log.[4] And by asserting that all evidence

---

[4] Debtors' privilege log itself is not admissible evidence because it is hearsay to which no exception would apply and, in any event, would only allow highly speculative inferences to be drawn about the documents it identifies. *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 238 F. Supp. 3d 314, 338, 2017 U.S. Dist. LEXIS 25946, *47 (N.D.N.Y. 2017) ("any inferences FFIC could draw from the privilege log, even if permissible, are merely speculative."); *Old Republic Ins. Co. v. Ness*, 2006 U.S. Dist. LEXIS 100992, *35-36 (N.D. Ill. 2006) ("the

4

relevant to the "reasonableness" of their due diligence is privileged, Debtors have waived the privilege. "The privilege may be waived if the privilege holder makes factual assertions the truth of which can only be assessed by examination of the privileged communication." *Adam Friedman Assocs. LLC v. MediaG3, Inc.*, 2012 U.S. Dist. LEXIS 62591, *10, 2012 WL 1563942 (S.D.N.Y. 2012) ("it would be unfair for a party asserting contentions to an adjudicating authority to then rely on its privileges to deprive its adversary of access to material that might disprove or undermine the party's contentions.").

18. The facts of this case are instructively similar to *Pereira v. United Jersey Bank*, 1997 U.S. Dist. LEXIS 19751, *19, 1997 WL 773716 (S.D.N.Y. 1997). In that case, a defendant ("UJB") in a preference action argued that it acted in "good faith" in asserting a right to setoff. *Id*. (UJB's "knowledge will be material in resolving whether UJB asserted the right to setoff in good faith."). The Court found that there was an "at-issue" waiver because "this is a case in which the factual assertions surrounding the setoff defense can only be fully assessed by examining UJB's otherwise privileged communications with counsel." *Id*. ("UJB cannot be permitted, on the one hand, to argue that it acted in good faith and without an improper motive and then, on the other hand, to deny the Trustee access to the advice given by counsel where that advice, based upon this deposition testimony, played a substantial and significant role in formulating the actions taken by UJB.").

19. This case is materially indistinguishable from *Pereira*. Debtors argue that their due diligence was "reasonable" but, at the same time, contend that <u>all</u> the information related to their due diligence is "categorically" privileged. It is unfair to allow Debtors to argue they acted "reasonably" without letting Winiadaewoo discover what Debtors actually did.

---

privilege log itself is not evidence.").

5

### 2. Although They Did Not Need To, Debtors Voluntarily Chose to Rely on Their Litigation Counsel for the Alleged "Due Diligence"

20. It appears that Debtors' best argument on the issue of privilege is a straw man. Namely, Debtors appear to be arguing that, if the privilege does not apply to their "due diligence" documents, then there can be no privilege for any pre-suit investigation by a Debtor in an action under Section 547.

21. This is not true. Debtors voluntarily chose to identify their litigation counsel's pre-suit investigation as their "due diligence." But there is no requirement in Section 547 that the "reasonable due diligence" be conducted by litigation counsel or that counsel play any significant role in the diligence. Indeed, Debtors could have simply pointed to the spreadsheets attached to their complaint and said they reviewed them to complete their "due diligence."[5] Or, Debtors could have identified agreements between the parties or practices in the industry that they contend show what the "ordinary course of business" was for the transactions at issue. Or, they could have had a non-lawyer member of Debtors' accounting team or an outside consulting firm prepare a spreadsheet identifying any "new value" Debtors received for the transfers.[6] Or, Debtors could have hired separate counsel to conduct due diligence and waived the privilege with respect to communications with that counsel rather than litigation counsel.[7]

22. Instead, Debtors voluntarily chose to identify the privileged work of their

---

[5] Of course, it would be left to the Court to decide whether simply identifying transfers in the preference period constitutes "reasonable" due diligence.

[6] Indeed, this appears to be what Debtors did because the entries on the privilege log refer to work done by "Debtors' data-analysis and advisory firm." (Ex. 2, Debtors' Privilege Log).

[7] The law is replete with examples of parties waiving privilege with counsel providing an opinion (such as on willful patent infringement) without waiving the privilege as to litigation counsel. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1373 (Fed. Cir. 2007) ("we conclude that the significantly different functions of trial counsel and opinion counsel advise against extending waiver to trial counsel . . . fairness counsels against disclosing trial counsel's communications on an entire subject matter in response to an accused infringer's reliance on opinion counsel's opinion to refute a willfulness allegation."); *JJK Mineral Co. v. Swiger*, 292 F.R.D. 323, 336, 2013 U.S. Dist. LEXIS 24971, *40, 2013 WL 663283 (N.D.W.Va. 2013) ("although the court finds the defendant has waived the attorney-client privilege and work-product immunity on the subject matter of the defense of advice of counsel, that defense is limited to the advice provided by Mason and Fisher. The court will not compel defendant's current litigation counsel to produce work-product materials."). And although there would be a cost, Debtors are seeking nearly $23 million in this preference action and Section 547(b) calls for "reasonable due diligence *in the circumstances of the case*." (Italics added).

litigation counsel in this preference action as their "due diligence" and to argue that that diligence was "reasonable." And in so doing, Debtors waived any privilege that would protect the evidence related to the reasonableness of their purported due diligence. While a party that simply "places its knowledge or intent" at issue does not waive the privilege, making "factual assertions the truth of which can only be assessed by examination of the privileged communication" does waive the privilege. *Pereira*, 1997 U.S. Dist. LEXIS 19751, *17, 1997 WL 773716 ("Had counsel played a less significant role, the case may well have been different. But based upon the record before me, that is simply not the case. Therefore, and for this reason, UJB's motion for a protective order is denied.").

23. The fact that Debtors claim that all evidence related to "reasonable due diligence" is privileged also distinguishes this case from the cases that have found that there was no "at-issue" waiver. For example, in *ResCap Liquidation Trust Mortg. Purchase Litig. v. HSBC Mortg. Corp. (USA) (In re Residential Capital, LLC)*, 536 B.R. 132, 148, 2015 Bankr. LEXIS 2892, *37 (Bankr. S.D.N.Y. 2015), the Court found that there was no "at-issue" waiver because there was other evidence on the question of reasonableness. In that case, the question was whether a settlement was "reasonable," and the moving party sought privileged communications related to the "reasonableness" of the settlement. The Court held that because the "reasonableness" of the settlement could be determined by looking at evidence other than the privileged information, there had been no "at-issue" waiver. *In re Residential Capital, LLC*, 536 B.R. 132, 148, 2015 Bankr. LEXIS 2892, *37 (because "an objective test for evaluating the reasonableness of the settlement controls, [c]ommunications bearing on parties' subjective beliefs regarding the reasonableness of the Global Settlement are not necessary to determine the reasonableness of the settlement under an objective standard.").

24. But here, Debtors contend that all evidence related to "reasonable due diligence" is "categorically" privileged. Because Debtors have failed to identify any other evidence that could be used to evaluate the reasonableness of their due diligence, they have waived the privilege.

7

**B.    Debtors' "Due Diligence" Is Not Shielded by Fed. R. Civ. P. 26(b)(3)**

25.    In addition to the "at-issue" waiver discussed above, the documents identified as "work product" on Debtors' privilege log are not protectable as trial preparation materials under Fed. R. Civ. P. 26(b)(3) because Winiadaewoo has a "substantial need for the documents."

26.    Under Fed. R. Civ. P. 26(b)(3)(A), trial preparation materials may be discoverable "if (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

27.    Here, it seems like there can be little dispute that the documents are otherwise discoverable under Rule 26(b)(1) because they are relevant to the issue of "reasonable due diligence." And, as noted above, Debtors voluntarily identified all evidence related to "reasonable due diligence" as being "categorically" work product. If Debtors had not identified their litigation counsel's work product as the only evidence on the issue of "reasonable due diligence," then that work product might not have been discoverable under Rule 26(b)(1). But because Debtors identified their litigation counsel's trial preparation materials as relevant to "due diligence," it is discoverable under Rule 26(b)(1).

28.    It also appears that there can be little dispute that Winiadaewoo "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Winadaewoo cannot meaningfully test the reasonableness of Debtors' due diligence without access to the documents because they are the only documents relevant to the issue. And Winiadaewoo cannot obtain them from any other source. As a result, Debtors' due diligence documents are not protectable as trial preparation materials under Fed. R. Civ. P. 26(b)(3).

**V.    Alternatively, Debtors Should be Precluded from Offering Any Evidence That They Performed Reasonable Due Diligence**

29.    It is not clear what evidence Debtors plan to offer to show that this preference action was based on "reasonable due diligence." Debtors have represented to the Court that all

8

information related to "due diligence" is "categorically" privileged and that it is "abusive and improper" for Winiadaewoo to even ask for such information in discovery. The privilege log itself is, at best, evidence only that Debtors are claiming privilege over the documents on the log.

30. Accordingly, Debtors should be precluded from offering any evidence that this preference action was based on "reasonable due diligence. "A court should 'exclude any testimony or evidentiary presentations by the Defendants at trial if that same testimony or evidence was withheld from Plaintiffs during discovery based on attorney-client privilege.'" *In re Residential Capital, LLC*, 491 B.R. 63, 69, 2013 Bankr. LEXIS 1507, *13-15 ("The consequences of failing to make full disclosure of the advice that was given is that the Debtors are now precluded from offering any evidence of the legal advice provided to the Debtors' officers and directors that was considered in connection with the decision to enter into the RMBS Trust Settlement.").

## VI.  Conclusion

31. In light of the foregoing, Winiadaewoo respectfully requests that the Court enter an order (i) compelling Debtors to produce the documents listed on their privilege log related to the issue of "due diligence" under Section 547 or, (ii) in the alternative, precluding Debtors from offering any evidence on the issue of "reasonable due diligence," and (iii) granting Winiadaewoo such other and further relief, at law or in equity, to which it is entitled.

Dated:  May 3, 2021
       Palo Alto, California       Respectfully submitted,

                                                        */s/ Perry R. Clark*
                                                        Perry R. Clark
                                                        Email: perry@perryclarklaw.com
                                                        Law Offices of Perry R. Clark
                                                        825 San Antonio Road
                                                        Palo Alto, CA 94303
                                                        Tel.: 650-248-5817

                                                        *Attorney for Creditor*
                                                        Winiadaewoo Electronics America, Inc.